UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR AGUIAR,<br><br>    Petitioner,<br><br>    v.<br><br>RAYMOND MADDEN,<br><br>    Respondent. | No. 1:18-cv-01056-LJO-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO OBEY A COURT ORDER**<br><br>**(Doc. 1)** |

    Petitioner, Oscar Aguiar, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 25, 2018, Petitioner filed his petition for writ of habeas corpus in the United States District Court for the Central District of California. (Docs. 1.) The case was transferred to this Court on July 27, 2018. (Doc. 3.) On August 27, 2018, the undersigned dismissed Petitioner's petition for writ of habeas corpus, and Petitioner was given 30 days to amend the petition. (Doc. 10.)

    Although 30 days have passed, Petitioner has failed to file an amended petition. On October 10, 2018, the undersigned ordered Petitioner to show cause why the case should not be dismissed for failure to obey a court order. (Doc. 15.) Despite having been granted several motions for extension of time to file a response to the order to show cause, Petitioner has failed to

1

file a response or respond to the undersigned's order in any way.

The Court has the discretion to impose any and all sanctions authorized by statute or rule or within the inherent power of the Court, including dismissal of an action based on Petitioner's failure to comply with a court order. Fed. R. Civ. P. 11; Local R. 110. Because Petitioner has failed to respond to the undersigned's order to show cause, the undersigned recommends dismissing the action.

## **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing

required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court recommends declining to issue a certificate of appealability.

## **Recommendation**

Accordingly, the undersigned hereby recommends that the Court dismiss the petition in this action be dismissed without prejudice for failure to obey a court order and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v.*

*Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 15, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE